RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 2/26/09
6B

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BERNARD ALLEN CHARLES<br>Fed. Reg. No. 11945-035 | DOCKET NO. 6:03-CR-60045<br>6:07-CV-1218 |
| VS. | SECTION P |
| UNITED STATES OF AMERICA | CHIEF JUDGE HAIK |

## REASONS FOR JUDGMENT AND JUDGMENT

Bernard Allen Charles filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 on July 24, 2007. Charles attacks his May 2005 convictions and the sentences totaling 620 months which were imposed by this Court on February 21, 2006.

### *Background*

On October 15, 2003 the Grand Jury returned an indictment charging Charles with possession with intent to distribute cocaine base (21 U.S.C. §841(a)(1)), possession of a firearm by a convicted felon (18 U.S.C. §922(g)(1)), and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §924(c)(1)(A) and (c)(1)(B)(ii)). The indictment sought forfeiture of two motor vehicles, some cash, and an automatic pistol with silencer, pursuant to 21 U.S.C. §853 as well as forfeiture of the automatic pistol and silencer pursuant to 18 U.S.C. §924(d)(1). [rec. doc. 10]

On August 12, 2004 the Grand Jury returned a superseding indictment charging possession with intent to distribute cocaine base (21 U.S.C. §841(a)(1)), possession of a firearm by a convicted felon (18 U.S.C. §922(g)(1)), possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §924(c)(1)(A) and (c)(1)(B)(ii)), possession of an unregistered

silencer (26 U.S.C. §5861(d)), and possession of a silencer without a serial number (26 U.S.C. §5861(i). The superseding indictment also provided one count seeking forfeiture of two motor vehicles, some cash, and an automatic pistol with silencer, pursuant to 21 U.S.C. §853 and one count seeking forfeiture of the automatic pistol and silencer pursuant to 18 U.S.C. §924(d)(1). [rec. doc. 65]

Trial commenced on May 16, 2005; on May 18, 2005 the jury returned guilty verdicts on Counts 1-5 of the Superseding Indictment. [rec. docs. 90-97] Charles filed a Motion for Judgment of Acquittal on May 25, 2005 [rec. doc. 100]; his motion was denied on June 7, 2005. [rec. doc. 104]

On February 21, 2006 sentences totaling 620 months were imposed. [rec. docs. 117-118] Appellate counsel was appointed and Charles timely appealed his conviction to the Fifth Circuit Court of Appeals raising two issues: (1) the trial court erred when it denied the motion to suppress physical evidence based on the officers' unreasonable warrantless search; and, (2) the trial court erred in denying Charles's Rule 29 Motion for Acquittal as to Count 3 based on insufficient evidence to support the guilty verdict on the charge of possession of a firearm in furtherance of a drug trafficking offense. [See Original Brief on Appeal, 2006 WL 6021047] On November 3, 2006 the Fifth Circuit affirmed Charles's conviction and sentence. *United States v. Bernard Allen Charles*, 469 F.3d 402 (5th Cir. 2006). On March 5, 2007 his petition for certiorari was denied by the United States Supreme Court. *Charles v. United States*, — U.S. —, 127 S.Ct. 1505, 167 L.Ed.2d 243 (2007).

Charles filed the instant Motion to Vacate on July 24, 2007 raising eight instances in

2

support of his claim that he received ineffective assistance of appellate counsel. [rec. doc. 127].[1]
In due course, the motion was served and the government responded. [rec. doc. 135] On December 8, 2008 Charles requested a 60-day extension within which to respond to the government's answer. [rec. doc. 136] His motion was granted. [rec. doc. 137] On January 20, 2009 Charles filed his "Traverse" to the government's answer. [rec. doc. 138]

## Law and Analysis

### 1. Scope of Review

A federal prisoner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 on one or more of the following grounds: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 49, 151 (5th Cir.), *cert. den.*, 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The § 2255 relief available through the district court of conviction is commensurate or consistent with that of the traditional writ of *habeas corpus* which typically was filed in the court having jurisdiction over the petitioner's custodian. *Cates*, 952 F.2d at 151, citing *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct., 468, 470-71, 7 L.Ed.2d 417 (1962); also, *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996).

---

[1] Charles argues that his appellate counsel rendered ineffective assistance as follows: (1) failed to address an instance where hearsay testimony was offered; (2) failed to address the improper admission of "other crimes" evidence; (3) failed to address the issue of sufficiency of the evidence (weapon/silencer); (4) failed to address the trial Court's jury instruction on the issue of "deliberate ignorance;" (5) failed to address the trial court's denial of petitioner's requested jury instruction; (6) failed to address the lack of evidence linking petitioner to a firearm discovered in storage; (7) failed to address the issue of sufficiency of the evidence (drugs); (8) failed to address the issue of sufficiency of evidence (knowledge).

3

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992), citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981); see also, *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995).

In short, the remedy provided through collateral challenge process of §2255 is no substitute for an appeal. After conviction and exhaustion and waiver of any right to appeal, federal courts are "... entitled to presume that [the defendant] stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991), *cert. den.*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982).

## 2. Ineffective Assistance of Appellate Counsel – General Principles

Nevertheless, since criminal defendants have a constitutional right to the effective assistance of counsel on direct appeal and, since such claims arise after the direct appeal process has concluded, they are appropriate to raise in a collateral attack. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir.2000) (citing *Hughes v. Booker*, 203 F.3d 894, 895 (5th Cir.2000)).

Claims of ineffective assistance of appellate counsel are analyzed under the two prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) – first, the Court must determine whether counsel's alleged performance was constitutionally deficient; second, the Court determines whether that deficient performance prejudiced the petitioner.

Appellate counsel's performance is not deficient merely because he did not argue every non-frivolous issue on appeal; indeed, counsel's failure to raise an issue on appeal may be considered deficient only if petitioner demonstrates that counsel's decision fell "... below an objective standard of reasonableness..." Under this objective standard of reasonableness appellate counsel must "... research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." See *United States v. Reinhart*, 357 F.3d 521 (5th Cir. 2004) citing *United States v. Phillips*, 210 F.3d 345 (5th Cir. 2000).

To establish the prejudice prong, a *habeas* petitioner must show "that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Phillips*, 210 F.3d at 350 (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). "A reasonable probability is that which renders the proceeding unfair or unreliable, i.e., undermines confidence in the outcome." *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir.2000)). To establish prejudice on a claim of ineffective assistance of appellate counsel premised on counsel's failure to raise an issue on appeal, a *habeas* petitioner must demonstrate that the appropriate court of appeals "... would have afforded relief on appeal." *Reinhart*, 357 F.3d at 530 quoting, *Phillips*, 210 F.3d at 350.

Each of Charles's claims has been analyzed in accordance with the foregoing principles.

### 3. Failure to Appeal Hearsay Issue

Charles faults counsel for failing to raise on appeal the admission of inadmissible hearsay which occurred during the trial testimony of Broussard Police Chief Brannon Decou. According to Charles, "... Decou testified that the confidential informant implicated movant as storing drugs in storage..." The transcript reveals that Chief Decou testified on direct examination that he

5

received information from an anonymous informant on September 15, 2003; according to Decou, the informant advised that drugs belonging to Charles were stored in a storage facility located in Broussard. During the course of his testimony Decou was asked, "Now, during the course of that telephone call, was there a description provided to you of what storage unit you might be wanting to look at?" Charles's trial attorney objected on the basis of hearsay. The undersigned overruled the objection and cautioned the jury,

> Normally hearsay evidence is not admitted into the record ... hearsay means that one person is testifying about what somebody else said to them, and that person is not here in court.
>
> One exception to that is if the testimony is not offered for the truth of the statement. That is, this officer is saying someone called him and talked to him and this is what they said over the phone. They're not offering it to show that it is true, they're offering it in this case to say this is why they conducted that investigation, period. So it is not offered for the truthfulness of the statement but as an explanation as to why they took certain action...
>
> So ... disregard this testimony as it pertains to any statement that this defendant did or did not possess anything or own anything or was part of anything. This is only the basis for which the investigating authority took the next step. [Transcript, pp. 32-37]

Counsel's failure to raise the hearsay issue on appeal did not amount to deficient performance. The statement objected to was not hearsay since such statements were not offered to prove the truth of the matter asserted. "Out-of-court statements offered for another purpose, e.g., providing background information to explain the actions of investigators, are not hearsay." *United States v. Johnston*, 127 F.3d 380, 394 (5th Cir.1997) (citation omitted). "Testimony describing an investigation's background should not be needlessly objected to on hearsay grounds where it goes only to how police investigated a crime rather than to the truth of the

6

matter asserted." *United States v. Dunigan*, — F.3d —, 2009 WL 117418 (5th Cir. 2009).

Further, following Charles's arrest, the storage unit in question was searched and officers seized (1) a partially disassembled SWD model M12 .380 caliber semi-automatic pistol, (2) a homemade silencer threaded to match that weapon, (3) a total quantity of 447.18 grams of crack cocaine, and (4) approximately $3,000 in currency. It was this evidence which resulted in Charles's convictions, not the alleged "hearsay" evidence contained in Chief Decou's testimony.

In short, counsel's performance in failing to appeal this issue was neither deficient nor prejudicial and this claim is without merit.

### 4. "Other Crimes Evidence"

Charles also complains that his attorney failed to appeal the introduction of "other crimes" evidence. Prior to the trial, the government notified Charles of its intention to introduce the following evidence at trial: (1) that on February 28, 1999, Charles and another individual were stopped for a traffic violation on I-10 in Orange County, Texas; (2) that the arresting officer discovered eleven ounces of marijuana in a subsequent search of the vehicle in which Charles was a passenger; and, (3) that the arresting officer later reviewed a video/audio recording and overheard Charles and his companion engaged in a discussion about concealing drugs; (4) that the arresting officer observed his patrol car moving as if the occupants (Charles and his companion) were moving about; and (5) he subsequently discovered 77.32 grams of cocaine base under the rear seat of his patrol car. [rec. doc. 25]

During the course of the trial, after the jury had been excused, a hearing was convened to determine whether such evidence would be admissible pursuant to Federal Rules of Evidence Rule 404(b) which prohibits the introduction of "[e]vidence of other crimes ..." to prove

7

character, but permits such evidence to establish "... motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." [See Transcript, pp. 235 and following] At the hearing, Charles's trial attorney was asked to articulate his objection to such evidence and he stated,

> Well, first of all it's that because it's four and a half years previous to this incident. Secondly, he was not prosecuted on that charge whatsoever in Texas. He wasn't even arrested on the charge. The evidence is contained – of that offense is contained apparently in a videotape, so the officer is going to come and testify about what he saw on videotape which is essentially something that I can't cross-examine. There are two people involved... [Transcript, pp. 238-239] ... I think what the government is trying to establish is that the defendant has a prior arrest but not a conviction for cocaine along with somebody else, and as a result of that, that he must be the kind of person who possesses cocaine, and therefore possessed it in this way... He wasn't arrested for cocaine. I think the prejudicial effect of that will outweigh what minimal probative value it will have in this case four-and-a-half years after this incident. And in addition to that is the problem with me not being able to cross-examine the other guy who was in there because there is some indication that it belonged to the other guy... [Transcript, p. 241]

Prior to making a determination as to the admissibility of the 404(b) evidence, Charles's attorney was given yet another opportunity to voice his objection and he focused his objection not on whether the evidence was appropriate under Rule 404(b), but rather whether the arresting officer should be permitted to testify to the recorded conversation between Charles and his partner in crime. [Transcript, pp. 262-263][2] The undersigned then ultimately ruled that the arresting officer could testify as to the drugs he discovered in the vehicle and in his patrol car, but he could not testify concerning the conversation he overheard on the audio tape. [Transcript, p.

---

[2] Counsel argued, "What we have are two separate parties who are speaking out of the presence of the police officer, and all the police officer is doing is coming here and testifying that he listened to the audiotape of a videotape and he is going to – based on that he is going to tell us what he thinks happened – what he thinks this conversation was about, and what he thinks was said and who he thinks said it during the course of this conversation. It's impossible for me to get to the underlying fact which is essentially what cross-examination is about, and that is who said it, when it was said, and cross-examine the parties involved...." [Transcript, pp. 262-263]

268]

Thereafter, Sergeant Chris Lalonde of the Texas State Police testified that in February 1999 he stopped a vehicle occupied by Charles and driven by his companion and ultimately discovered the pair to be in possession of marijuana and cocaine. [Transcript, pp. 290-306]

Charles now argues that his appellate counsel should have appealed this Court's ruling permitting Sergeant Lalonde's testimony. Again, Charles fails to show either deficient performance or prejudice. Under current Fifth Circuit standards, the district court's decision to admit evidence of an extrinsic offense pursuant to Rule 404(b), may not be disturbed on appeal absent a clear showing of abuse of discretion. *United States v. Bruno*, 809 F.2d 1097, 1106 (5th Cir.1987). Abuse of discretion with respect to the admission of evidence is subject to harmless error review. *United States v. Yanez Sosa*, 513 F.3d 194, 201 (5th Cir.2008). An error is harmless when it does not affect the substantial rights of a party. *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir.2008). Thus, in order to prevail on this ineffective assistance of counsel claim Charles would have to demonstrate that he would have prevailed on this issue had his appeals counsel raised it on appeal. To show such a likelihood of success, he must demonstrate that this Court abused its discretion and that the admission of Sergeant Lalonde's testimony affected substantial rights – virtually impossible tasks considering the overwhelming evidence of guilt introduced at this trial.

In other words, had this issue been raised on direct appeal, the Court of Appeals would have viewed this error in relation to the entire proceeding, not merely in isolation. *United States v. Hawley*, 516 F.3d 264, 268 (5th Cir.2008). Under the controlling jurisprudence, the Court of Appeals would have reversed only upon a showing that there was a reasonable possibility that the

improperly admitted 404(b) evidence contributed to the conviction. *Id.* However, since the other evidence of guilt was overwhelming, and the error would not have substantially influenced the jury's verdict, the Court of Appeals would have to have concluded that the error, if any was harmless. *Id.*

In other words, since there was substantial other evidence that Charles was guilty of the offenses charged, the Court of Appeals, had it been faced with this issue, would have concluded that even if the evidence was erroneously admitted, it could not have influenced the verdict.

In short, since Charles cannot show prejudice, even if counsel's failure to raise this issue on appeal amounted to deficient performance, this claim is without merit.

## 5. *Sufficiency of the Evidence – Possession of Silencer*

Charles claims that his appeals counsel was ineffective when he failed to address the issue of his knowledge that the weapon he allegedly possessed had the characteristics of a "silencer." The record reveals that counsel did in fact argue this issue on appeal, albeit, inadequately. Nevertheless, as shown by the penultimate paragraph of its opinion, the Court of Appeal considered the argument and rejected it.[3] Thus, even if the issue had been more adequately presented, Charles has not shown that a different result would have occurred. Since he

---

[3] The Fifth Circuit observed, "With respect to the silencer, Charles contends that because it was not attached to the firearm when it was found, the jury's finding that the firearm was 'equipped with a silencer' pursuant to 18 U.S.C. § 924(c)(1)(B)(ii) is not supported by the evidence. Charles raises this argument in a one-sentence footnote and provides no authority for the proposition. Inadequately briefed issues are deemed abandoned. *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir.1993) (citing *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir.1991)); *Harris v. Plastics Mfg. Co.*, 617 F.2d 438, 440 (5th Cir.1980). A single conclusory sentence in a footnote is insufficient to raise an issue for review. See *Beazley v. Johnson*, 242 F.3d 248, 270 (5th Cir.2001). However, we do note that the record shows that the unregistered silencer was found in close proximity to the firearm for which it was specially threaded. Thus, the evidence appears sufficient to support the jury's finding that the firearm was equipped with the silencer." *U.S. v. Charles*, 469 F.3d at 407-08.

10

has not and cannot show prejudice, this claim of ineffective assistance must also fail.

### 6. Deliberate Ignorance Instruction

Charles also claims that his appellate counsel rendered ineffective assistance when he failed to seek review of the Court's deliberate ignorance instruction. During the charge conference, Charles's trial counsel objected to the deliberate ignorance charge; the undersigned, pretermitted a ruling on the objection until after hearing closing arguments.

During closing arguments Charles's trial attorney argued, "And do we know whether or not Bernard Charles knew that these items [drugs, weapons] where in there [storage facility]? No, we don't know that." [Transcript, p. 397] And later, "This facility was not Bernard Charles's facility. He did not rent it." [*Id.*, p. 403] And again, "There was no evidence that Bernard was aware of what was in the package. There is no evidence that he was aware of how much substance was in the package. And there is certainly no evidence that he did anything to attempt to distribute the substance... There is no evidence that Bernard Charles possessed this firearm. There is no evidence that he knew the firearm was in the storage facility." [*Id*, p. 404]

> As a result, the undersigned gave the following instruction on deliberate ignorance,
>
> You may find that a defendant has had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. [Transcript, p. 420]

However, before giving that instruction, the undersigned instructed the jury as follows, "The word knowingly, as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident." [*Id.*]

11

Additionally, the undersigned instructed the jury as to each element of each crime charged in the indictment, and instructed them that in order to convict they must be convinced beyond a reasonable doubt that each element was proved, including the element that Charles "knowingly" possessed cocaine with the intent to distribute; that he "knowingly" possessed the firearm as charged; that he "knowingly" possessed a firearm in furtherance of the drug trafficking offense; that he "intentionally" had firearms available for use during the crime; and that he "knew or was aware" of the characteristics of the silencer that made its possession unlawful and that he "knowingly" possessed it. [*Id.*, 421-427]

Once again, Charles does not argue a substantive claim of error; instead, he argues that counsel rendered ineffective assistance when he failed to address the "deliberate ignorance" charge on appeal. Even if counsel had raised this error on appeal, it is more likely than not that the Court of Appeal would have determined that error, if any, was harmless. Compare *United States v. Threadgill*, 172 F.3d 357, 369 (5th Cir. 1999) ("[I]t is the evidence of actual knowledge that proves fatal to the defendants' claim. We have consistently held that an 'error in giving the deliberate ignorance instruction is ... harmless where there is substantial evidence of actual knowledge.' " (quoting *United States v. Cartwright*, 6 F.3d 294, 301 (5th Cir.1993))); see also, e.g., *United States v. Ricardo*, 472 F.3d 277, 286 (5th Cir.2006) (holding that "[r]esolving this issue [of whether there was sufficient evidence of deliberate ignorance] is unnecessary ... because the giving of a deliberate ignorance instruction is harmless error <u>where substantial evidence of actual knowledge was presented</u>"), *cert. denied*, 549 U.S. 1358, 127 S.Ct. 2076, 167 L.Ed.2d 798, and *cert. denied*, 549 U.S. 1358, 127 S.Ct. 2080, 167 L.Ed.2d 798 (2007); *United States v. Mendoza-Medina*, 346 F.3d 121, 135 (5th Cir. 2003) (holding that where the defendant

confessed and other evidence corroborated the confession, "substantial evidence of [defendant's] actual knowledge [rendered] the deliberate ignorance instruction harmless error"); *United States v. Breque*, 964 F.2d 381, 388 (5th Cir.1992) (finding a deliberate ignorance instruction to be harmless error because "the jury was presented with considerable evidence that [defendant], in fact, knew of the reporting requirements").

Thus, once again, since Charles cannot demonstrate prejudice resulting from counsel's failure to litigate the jury instruction issue on appeal, his claim of ineffective assistance of counsel must fail.

## 7. *Failure to Give More Detailed Instruction as to "Knowledge"*

Charles also faults appellate counsel for failing to address on appeal the Court's refusal to provide a "more specific knowledge instruction." Had counsel raised this issue on appeal, the Fifth Circuit would have been bound by Circuit precedent to review this Court's refusal under an abuse of discretion standard. *United States v. Sellers*, 926 F.2d 410, 414 (5th Cir.1991). Further, in analyzing the claim the Fifth Circuit would have held that this Court's refusal to give a jury instruction would amount to reversible error <u>only if the instruction requested</u> (1) was substantially correct, (2) <u>was not substantially covered in the charge delivered to the jury</u>, and (3) concerned an important issue so that the failure to give it seriously impaired the defendant's ability to present a given defense. *United States v. Pennington*, 20 F.3d 593, 600 (5th Cir.1994).

In this instance the requested charge was substantially covered in the charge given to the jury as shown above – the undersigned instructed the jury as to each element of each crime charged in the indictment, and instructed them that in order to convict they must be convinced beyond a reasonable doubt that each element was proved, including the element that Charles

13

"knowingly" possessed cocaine with the intent to distribute; that he "knowingly" possessed the firearm as charged; that he "knowingly" possessed a firearm in furtherance of the drug trafficking offense; that he "intentionally" had firearms available for use during the crime; and that he "knew or was aware" of the characteristics of the silencer that made its possession unlawful and that he "knowingly" possessed it. [*Id.*, 421-427]

In other words, even if this issue had been raised on appeal, Charles does not, nor can he, show that the results would have been any different. It appears more probable than not that the Fifth Circuit, if confronted with this issue, would have determined that the requested charge was substantially covered in the jury instruction and therefore the conviction would have been affirmed on that basis. Compare *United States v. Hughes*, 102 F.3d 550 (5th Cir. 1996). Again, Charles's inability to demonstrate prejudice is fatal to his claim.

### 8. *Sufficiency of Evidence – Possession of Firearm, Possession of Drugs, Possession of Silencer*

Finally, Charles contends that his appellate counsel was ineffective for failing to argue the insufficiency of the evidence with regard to the issues of possession of a firearm, a silencer, and drugs. The record, however, reveals that counsel did make such arguments on direct appeal. In rejecting those claims, the Fifth Circuit noted,

> Charles also argues on appeal that the district court erred in denying his motion for acquittal. <u>He maintains that the evidence at trial was insufficient to show that he possessed the firearm found in the storage unit in furtherance of a drug trafficking offense</u> as required by 18 U.S.C. § 924(c)(1)(A). Secondly, <u>he argues-in a one-sentence footnote-that because the silencer was not attached to the firearm when it was found, the jury's finding that the firearm was "equipped with a silencer" pursuant to 18 U.S.C. § 924(c)(1)(B) was not supported by the evidence</u>. We review each issue in turn.

14

The district court's denial of a motion for judgment of acquittal is reviewed *de novo*. *United States v. Delgado*, 256 F.3d 264, 273 (5th Cir.2001) (citing *United States v. Myers*, 104 F.3d 76, 78 (5th Cir.1997)). The jury's verdict will be affirmed if any rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In conducting this inquiry, we must examine the evidence as a whole and construe it in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict. *Delgado*, 256 F.3d at 273-74.

B.

In deciding whether Charles possessed the gun in furtherance of his drug trafficking, we first note that the 'mere presence' of a firearm at the scene of drug activity does not alone amount to possession in furtherance of that activity. Rather, the government must present 'evidence more specific to the criminal defendant, showing that his or her possession actually furthered the drug trafficking offense.' *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir.2000). This court considers a list of factors in determining whether a firearm is used 'in furtherance' of a drug-trafficking offense: (1) the type of drug activity being conducted; (2) the accessibility of the firearm; (3) the type of weapon; (4) whether the weapon is stolen; (5) whether the possession is lawful; (6) whether the gun is loaded; (7) the weapon's proximity to drugs or drug profits; and (8) the time and circumstances under which the gun is found. *Id.* at 414-15.

The evidence introduced at Charles's trial showed that the weapon discovered in the storage unit was a .380 caliber semi-automatic 'Mack' pistol. Although disassembled, it could have been made ready for use in short order. <u>The weapon was found in close proximity to over 400 grams of crack cocaine and a large amount of currency. The weapon was also located near an unregistered silencer modified to fit it. Furthermore, as a convicted felon, Charles was not permitted to possess any firearm for any purpose. Considering the evidence presented, the jury reasonably could have found that Charles possessed the weapon in furtherance of a drug trafficking offense.</u>

Charles's arguments to the contrary are not persuasive. He advocates at length for the application of the Sixth Circuit rule in *United States v. Mackey*, which requires that for a firearm to be possessed in furtherance of a drug crime, it 'must be strategically located so that it is quickly and easily available for use.' 265 F.3d 457, 462 (6th Cir.2001). Because the firearm at issue was found unloaded and partially disassembled, Charles maintains that it could not have been quickly and easily available for use. Even if we were to adopt the *Mackey* rule as binding on this court, however, the fact that the firearm at issue was not ready for immediate

use does not mean that it was not 'quickly and easily available for use.' The record shows that the semi-automatic pistol was operable and that a person familiar with the weapon could have quickly reassembled it for use. Even under his proposed test, therefore, Charles's argument fails.

Charles also maintains that the circumstances surrounding the discovery of the firearm cannot support his conviction because the firearm was found in a locked storage unit leased to someone other than Charles (i.e. Paula Charles); furthermore no evidence was presented that he ever sold drugs out of the storage unit or that he expected anyone to be present the day the firearm was seized. Charles notes that most of the drugs were found in the convertible, which was not registered to him and that none of his prints were lifted off the gun or silencer. Although Charles is correct that the evidence presented at trial did not rule out any theory of innocence, the evidence is certainly enough that a reasonable trier of fact could have concluded that the elements of the offense were established beyond a reasonable doubt. See *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir.1995) (*en banc*) ('It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt.') (quoting *United States v. Bell*, 678 F.2d 547, 549 (5th Cir.1982)), aff'd on other grounds, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). We have upheld convictions under this statute on the basis of similar factual scenarios. See *Ceballos-Torres*, 218 F.3d at 415 (9 mm Glock handgun found together with 569.8 grams of cocaine and $1,360 in cash in defendant's bedroom); *United States v. Starks*, 145 Fed.Appx. 939, 941 (5th Cir.2005) (loaded .38 revolver and 200 grams of cocaine base were found in a locked bedroom to which defendant had a key) (per curiam) (unpublished opinion); *United States v. Coleman*, 145 Fed.Appx. 859, 860 (5th Cir.2005) (a firearm, drugs, and two magazines loaded with ammunition were found in defendant's dresser) (per curiam) (unpublished opinion). In short, the sum of the relevant evidence presented at trial, as outlined in the *Ceballos-Torres* factors, is sufficient to support the jury's finding that Charles possessed the firearm in furtherance of a drug trafficking crime.

C.

With respect to the silencer, Charles contends that because it was not attached to the firearm when it was found, the jury's finding that the firearm was 'equipped with a silencer' pursuant to 18 U.S.C. § 924(c)(1)(B)(ii) is not supported by the evidence. Charles raises this argument in a one-sentence footnote and provides no authority for the proposition. Inadequately briefed issues are deemed abandoned. *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir.1993) (citing *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir.1991)); *Harris v. Plastics Mfg. Co.*, 617 F.2d 438, 440 (5th Cir.1980). A single conclusory sentence in a footnote

16

> is insufficient to raise an issue for review. See *Beazley v. Johnson*, 242 F.3d 248, 270 (5th Cir.2001). <u>However, we do note that the record shows that the unregistered silencer was found in close proximity to the firearm for which it was specially threaded. Thus, the evidence appears sufficient to support the jury's finding that the firearm was equipped with the silencer.</u>

*United States v. Charles*, 469 F.3d at 406-08 (emphasis supplied).

Based on the foregoing, it appears that the factual basis of Charles's claims concerning sufficiency of the evidence, with respect to the possession of the firearm and silencer, are not supported by the record. Further, as can be seen from the excerpt above, the Fifth Circuit Court of Appeals did address the issue of sufficiency of the evidence of possession of the drugs and concluded that the evidence was indeed sufficient to establish Charles's possession and his intent to distribute those drugs. Thus, even had that claim been raised as a formal assignment of error, there appears no likelihood that such claim would have proved successful. Again, since Charles is unable to establish either deficient performance or prejudice, his claims must fail.

## 9. Conclusion and Judgment

Charles claims that his court-appointed appellate counsel was ineffective and he sites various instances in support of that claim. His claims of ineffective assistance of appellate counsel have been analyzed under the two prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's performance was not deficient merely because counsel failed to argue every non-frivolous issue on appeal; indeed, counsel's failure to raise such issues on appeal could be considered deficient only if Charles demonstrated that counsel's decisions fell "... below an objective standard of reasonableness..." See *United States v. Reinhart*, 357 F.3d 521 (5th Cir. 2004) citing *United States v. Phillips*, 210

F.3d 145 (5th Cir. 2000). As shown above, Charles did not show deficient performance.

Nevertheless, even if deficient performance is assumed, Charles's claims fail because he has not demonstrated prejudice. Again, in order to establish prejudice, Charles must have shown "that here is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Phillips*, 210 F.3d at 350 (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). To establish prejudice on a claim of ineffective assistance of appellate counsel, Charles must demonstrate that the appropriate court of appeals "... would have afforded relief on appeal." *Reinhart*, 357 F.3d at 530 quoting, *Phillips*, 210 F.3d at 350. As shown above, Charles is simply unable to make this showing. Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Bernard Allen Charles's Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 on July 24, 2007 [rec. doc. 128] be and it is hereby **DENIED WITH PREJUDICE.**

In Chambers, Lafayette, Louisiana _____February 26th_____, 2009.

_____
**RICHARD T. HAIK, SR.
CHIEF JUDGE**