UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 6:03-cr-60045

VERSUS                            JUDGE HAIK

BERNARD ALLEN CHARLES             MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Petitioner Bernard Allen Charles is incarcerated at a federal correctional center in Beaumont, Texas.  Currently before this Court is his *pro se* motion to vacate, set aside, or correct his sentence, which was filed pursuant to 28 U.S.C. § 2255.  (Rec. Docs. 162, 163).  Charles contends that United States Supreme Court decisions rendered after he was convicted entitle him to a recalculation of his sentence.  This matter was referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.   For  the  following  reasons,  it  is  recommended  that  the  petition  be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for further proceedings pursuant to 28 U.S.C. § 2244(b)(3)(A).

## BACKGROUND

Charles was indicted on October 15, 2003 and charged with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g(1), and possession

of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §
924(c)(1)(A) and (c)(1)(B)(ii).   The indictment sought forfeiture of two motor
vehicles, some cash, and an automatic pistol with silencer pursuant to 21 U.S.C. § 853
as well as forfeiture of the automatic pistol and silencer pursuant to 18 U.S.C. §
924(d)(1).  (Rec. Doc. 10).   A subsequent superseding indictment charged Charles
with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), possession
of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), possession of
a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §
924(c)(1)(A) and (c)(1)(B)(ii), possession of an unregistered silencer in violation of
26 U.S.C. § 5861(d), possession of a silencer without a serial number in violation of
21 U.S.C. § 853, and one count seeking forfeiture of the automatic pistol and silencer
pursuant to 18 U.S.C. § 924(d)(1).  (Rec. Doc. 65).

Charles was tried in May 2005, and he was found guilty on Counts 1 through
5 of the superseding indictment.  (Rec. Doc. 97).  Charles filed a motion for judgment
of acquittal (Rec. Doc. 100), which was denied.  (Rec. Doc. 104).  He was sentenced
on February 21, 2006 to a total of 620 months in prison.  (Rec. Docs.  117, 118).

Charles timely appealed his conviction to the Fifth Circuit Court of Appeals
(Rec. Doc. 119), and the Fifth Circuit affirmed his conviction and sentence (Rec.
Doc. 125).  The appellate court's ruling was reported as *United States v. Charles*, 469

F.3d 402 (5th Cir. 2006).  Charles sought relief from the United States Supreme Court, but his petition for a writ of certiorari was denied.  *Charles v. United States*, 549 U.S. 1273 (2007).

Charles then filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, alleging that his court-appointed appellate counsel was ineffective. (Rec. Doc. 127).  The motion was denied with prejudice.  (Rec. Doc. 139).  Charles appealed the ruling (Rec. Doc. 140), but his motion for a certificate of appealability was denied (Rec. Doc. 147).

Charles then moved to vacate the ruling on his motion for post-conviction relief (Rec. Doc. 149), but the motion was denied as untimely (Rec. Doc. 150).

Charles again appealed (Rec. Doc. 152), but his motion for a certificate of appealability was again denied (Rec. Doc. 161).

Currently pending is Charles's second motion to vacate, set aside, or correct his sentence, brought under 28 U.S.C. § 2255.  (Rec. Docs. 162, 163).  Charles argues that, although this new petition is a numerically second motion for postconviction relief, it is not successive and therefore can properly be considered by this Court.

### ISSUES PRESENTED

Charles does not argue that his conviction should be overturned.  Instead, he asserts four bases for vacating and modifying his sentence.  First, he argues that, in

*Henderson v. United States*, ___ U.S. ___, 133 S.Ct. 1121 (2013), the United States Supreme Court announced a new interpretation of the plain error rule while his case was on direct appeal, entitling him to review of his sentence in light of *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006), which holds that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law."  Second, Charles argues that, under *Moncrieffe v. Holder*, ___ U.S. ___, 133 S.Ct. 1678 (2013), which was decided after he filed his original motion for postconviction relief, he was improperly sentenced with regard to his conviction on Counts One and Two of the superseding indictment because his state-court drug conviction does not qualify as an "aggravated felony" under the statutes he was charged with violating in Counts One and Two.  Third, Charles argues that he was improperly sentenced with regard to his conviction on Count Three of the superseding indictment because the jury returned only a "general verdict" on that count rather than a special verdict on the element that the involved firearm was equipped with a silencer.  Finally, Charles again argues that he was improperly sentenced with regard to his conviction on Count Three of the superseding indictment because the jury returned only a "general verdict" on that count, this time relying on *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013), which requires a jury to determine whether the elements of the crime were established.

-4-

Charles's assertion of these four bases for vacating and recalculating his sentence is predicated upon his argument that the motion now before the Court is a numerically second but not successive petition for collateral review that can be considered by this Court because the four Supreme Court cases he is relying upon were decided after he was convicted.

<u>LAW AND ANALYSIS</u>

The pending motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA.")[1]  The AEDPA includes a restriction on "second or successive" applications for collateral review, which serves a gatekeeping function by preventing the repeated filing of *habeas* petitions that attack the prisoner's underlying conviction.[2]  Although the AEDPA does not define the term "second or successive," the jurisprudence is clear that a prisoner's application for postconviction relief is not deemed to be "second or successive" simply because it follows an earlier petition for such relief.  Instead, a subsequent motion is considered to be "second or successive" when it either raises a claim challenging the petitioner's conviction or

---

[1]        *United States v. Orozco-Ramirez,* 211 F.3d 862, 866 (5th Cir. 2000).

[2]        *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009).

sentence that was or could have been raised in an earlier petition or constitutes abuse of the writ process.[3]

Although the Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time,"[4] federal law places restrictions on "second or successive" petitions filed pursuant to Section 2255.[5]  First, the "AEDPA's bar on second or successive petitions only applies to a later-in-time petition that challenges the same. . . judgment as an earlier-in-time petition."[6]  In this case, the instant motion for postconviction relief challenges the same sentence that was the object of Charles's prior Section 2255 motion (Rec. Doc. 127), which was adjudicated on the merits and denied and dismissed with prejudice by this Court (Rec. Doc. 139).

Second, under 28 U.S.C. § 2255, a second or successive motion brought by a prisoner in federal custody must contain either

---

[3]    *In re Sepulvado*, 707 F.3d 550, 553 (5th Cir. 2013); *United States v. Orozco-Ramirez,* 211 F.3d at 867; *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[4]    *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012), citing *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010).

[5]    *Castro v. United States*, 540 U.S. 375, 377 (2003).

[6]    *In re Lampton*, 667 F.3d at 588.  Although *Lampton* dealt with a challenge to a state-court judgment, the AEDPA is equally applicable to state-court convictions and federal-court convictions.  *United States v. Orozco-Ramirez,* 211 F.3d at 864 n. 4.

> (1) ***newly discovered evidence*** that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) ***a new rule of constitutional law***, made ***retroactive*** to cases on collateral review by the Supreme Court, that was previously unavailable.[7]

Charles does not suggest that the instant motion for postconviction relief satisfies the first part of this statute nor did he present any evidence to show that any newly-discovered evidence entitles him to collateral review.  Instead, Charles argues that four Supreme Court cases decided after his conviction mandate classification of his motion as not successive and therefore subject to consideration and ruling by this Court.  But "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding."[8]  Therefore, a prisoner seeking to establish that his motion for postconviction relief is not successive cannot rely on just any new decision from the Supreme Court; he can rely only upon a Supreme Court

---

[7]     28 U.S.C. § 2255(h)(1)-(2) (emphasis added).

[8]     *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (internal citations omitted), citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

decision that articulates a new rule of Constitutional law that has been decreed to apply retroactively in cases seeking collateral review.

In this case, however, none of the four cases cited by Charles creates "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[9]  Therefore, Charles has not articulated a basis on which his numerically second application for postconviction relief might properly be found to be not successive.

The issue presented in *Henderson* was the proper interpretation of Fed. R. Cr. Proc. Rule 52(b), which states that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention."  *Henderson* held that an error is plain, within the meaning of this rule, if it is plain at the time of appellate review.[10]  The court did not issue a new rule regarding Constitutional law; instead, it issued a new rule of statutory interpretation.  Consequently, *Henderson* affords no basis for finding that Charles's instant application for postconviction relief is not successive.

Similarly, *Moncrieffe* articulates a new rule of statutory interpretation.  There, the Supreme Court explained that the Immigration and Nationality Act ("INA")

---

[9]      28 U.S.C. § 2255(h)(2).

[10]     *Henderson v. United States*, 133 S.Ct. at 1124-25.

provides that when a noncitizen has been convicted of a crime classified as an aggravated felony, he is both deportable and ineligible for certain discretionary forms of relief that might otherwise be available.  The Court held that "[i]f a noncitizen's conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA."[11]  Accordingly, the Court's ruling was one of statutory interpretation.   The Court did not issue a new Constitutional rule.

In *Lopez*, the Supreme Court again articulated a new rule of statutory interpretation that has no Constitutional implications.  In that case, the issue presented was whether conduct made a felony under state law but a misdemeanor under the federal Controlled Substances Act ("CSA") constitutes a felony punishable under the CSA for INA purposes.  The Court held that it does not.[12]

In *Alleyne*, the new rule articulated by the Supreme Court does have Constitutional implications.  There, the Court granted certiorari to consider whether an earlier decision holding that judicial factfinding resulting in an increase in the mandatory minimum sentence for a crime is permissible under the Sixth

---

[11]     *Moncrieffe v. Holder*, 133 S.Ct. at 1693-94.

[12]     *Lopez v. Gonzales*, 549 U.S. at 50.

Amendment.[13]   The Court concluded that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."[14]  But the Court did not designate this holding as retroactive.  As the Fifth Circuit has explained, "[o]nly the Supreme Court can render a new rule retroactively applicable to cases on collateral review."[15]  Because *Alleyne* presented a direct criminal appeal, it did not involve a retroactive application of a rule on collateral review.  "Moreover, the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review."[16]  Therefore, although *Alleyne* created a new Constitutional rule, it has not been declared to be retroactively applicable to cases on collateral review.

For these reasons, the four Supreme Court cases cited by Charles do not create new rules of Constitutional law that he can rely upon as a basis for seeking vacation and recalculation of his sentence.  Therefore, the instant motion for postconviction relief does not satisfy the AEDPA's requirements for permissible "second or

---

[13]     *Alleyne v. United States*, 133 S.Ct. at 2155.

[14]     *Alleyne v. United States*, 133 S.Ct. at 2155.

[15]     *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013), citing *Tyler v. Cain*, 533 U.S. 656, 662–63 (2001).

[16]     *In re Kemper*, 735 F.3d at 212.

successive" § 2255 motions.  To the contrary, Charles's second-in-time motion for postconviction relief is an abuse of the writ and is therefore successive.[17]

Finally, the AEDPA requires a prisoner to obtain authorization from the court of appeals before filing a second or successive § 2255 motion.  "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence. . . or (2) a new rule of constitutional law. . . ."[18]  This statutory provision bars a district court from asserting jurisdiction over a claim presented in a second or successive application unless the appellate court first grants the petitioner permission to file the application.[19]  The record of this case contains no indication that Charles sought authority from the Fifth Circuit before filing the instant motion.  Indeed, he argues that "his petition is not a 'second or successive' petition. . . and therefore needs no authorization from the Fifth Circuit Court of Appeals to consider and/or approve this filing."  (Rec. Doc. 169).  Having found that Charles has not identified newly-discovered evidence or a new and retroactive rule of Constitutional law that might mandate a recalculation of his sentence, the undersigned consequently finds that this

---

[17]     *In re Sepulvado*, 707 F.3d at 557.

[18]     28 U.S.C. §§ 2255, 2244(b)(3)(A).

[19]     *Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012), citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Court lacks jurisdiction to entertain the motion.  Charles's failure to seek appellate court authorization acts as a jurisdictional bar.[20]  Therefore, until such time as Charles obtains authorization, this Court has no jurisdiction over his pending motion.

In summary, Charles's motion is flawed for two reasons:  he did not seek authority from the Fifth Circuit before filing the motion, and the motion does not satisfy AEDPA's criteria for sustainable "second or successive" motions.  Therefore, the undersigned finds that this Court is without jurisdiction to hear Charles's pending motion.

Having no jurisdiction, the Court is unable to rule on the motion for the appointment of counsel and the motion for an evidentiary hearing (Rec. Doc. 162 at 19) that are embedded in the instant motion.

The Fifth Circuit, in the case of *In Re Epps*,[21] outlined the procedure to be used when a district court determines that transfer of a "second or successive" *habeas corpus* petition to the Court of Appeals is appropriate.  The *Epps* decision did not mandate the transfer of successive § 2255 petitions to the Fifth Circuit.  Instead, it suggested that transfer might be appropriate in some cases and set forth a procedure to be used when a successive petition filed without prior authorization is transferred

---

[20]     *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003); *United States v. Key*, 205 F.3d at 774; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

[21]     127 F.3d 364 (5th Cir. 1997).

to the appellate court by a district court.  Transfer of this case is appropriate and authorized by 28 U.S.C. § 1631, which states that:

> Whenever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred. . . .

The undersigned concludes that Charles's motion should be transferred to the court of appeals so that Charles may seek permission from that court to file this successive motion.

### CONCLUSION AND RECOMMENDATIONS

The undersigned finds, for the foregoing reasons, that Charles's petition is an impermissible successive petition for collateral review.  Furthermore, Charles did not seek authorization from the Fifth Circuit Court of Appeals before filing the motion. Therefore, this Court lacks jurisdiction over this matter and cannot consider the merits of Charles's claims.  For these reasons,

**IT IS RECOMMENDED** that Charles's pending motion (Rec. Docs. 162, 163) be deemed a successive petition for collateral review and that the motion be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit

-13-

pursuant to 28 U.S.C. § 1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 31st day of January 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE