**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**


**UNITED STATES OF AMERICA**                    **CASE NO.  6:03-CR-60045-01**

**VERSUS**                                        **JUDGE ROBERT G. JAMES**

**BERNARD ALLEN CHARLES (01)**


# ORDER

Before the Court is a Motion for Amendment of Sentence [Doc. No. 187], filed by pro se Defendant Bernard Allen Charles.[1] Pursuant to his motion, Defendant moves the Court for a "[s]entencing adjustment" pursuant to the First Step Act of 2018 on his conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924 (c)(1)(B)(ii). Defendant argues his sentence on Count 3 was impermissibly "stacked," and therefore his sentence should be lowered pursuant to Section 403 of the First Step Act. For the reasons that follow, the motion is DENIED.

On May 18, 2005, Defendant was convicted by jury of the following offenses:

Count 1:        Possession with Intent to Distribute 446 grams of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1);

Count 2:        Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1);

Count 3:        Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924 (c)(1)(B)(ii);

Count 4:        Possession of an Unregistered Silencer, in violation of 26 U.S.C. § 5861(d); and

Count 5:        Possession of a Silencer without a Serial Number, in violation of 26 U.S.C. § 5861(i).

---

[1] Upon the filing of this motion, counsel with the Federal Public Defender's office was appointed to represent Defendant. [Doc. No. 188]. Counsel was thereafter permitted to withdraw from this case. [Doc. No. 191].

[*See* Doc. Nos. 65, 97]. On February 21, 2006, Defendant was sentenced as follows: "Count one 260 months. Counts two, four & five 120 months per count to run concurrent and concurrent with Counts one and three. Count three 360 months consecutive with Counts one, two, four & five." [Doc. No. 118]. Thus, Defendant was sentenced to a total term of incarceration of 620 months. *Id.*

Section 403 of the First Step Act revised section 924(c) by providing that the higher penalty (i.e., twenty-five years) for a "second or subsequent count of conviction" under 924(c)(1)(C) is triggered only if the defendant has a prior 924(c) conviction that has become "final." 18 U.S.C. § 924(c)(1)(C) (West 2018). Here, Defendant was not sentenced pursuant to section 924(c)(1)(C). Rather, Defendant's conviction on Count 3 was for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A). Because the gun he possessed in furtherance of a drug trafficking crime was equipped with a "firearm silencer," his mandatory minimum sentence on Count 3 was 30 years pursuant to § 924 (c)(1)(B)(ii). Thus, no "stacked" sentence was imposed upon Defendant for Count 3.[2]

Further, Defendant has selectively edited provisions of the First Step Act in an effort to persuade the Court to grant his motion. Defendant quotes the following provision of Section 403 of the First Step Act, which applies to section 924(c): "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act." [Doc. 187 at 1]. However, he omits the final clause of the foregoing sentence which reads, "if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). He then selectively quotes from Section 401 of the First Step Act in an effort to make Section 403 retroactive. Section 403 of the First Step Act

---

[2] To constitute a "stacked sentence," Defendant would have to have been convicted of more than one § 924(c) offense in the same indictment. *See e.g. Deal v. United States*, 508 U.S. 129, 132 (1993); *United States v. Charles*, 62 F.3d 395, *5 (5th Cir.1995).

does not apply retroactively.[3] Even if Section 403 was retroactively applicable, it would not benefit

this Defendant. Accordingly, the Motion for Amendment of Sentence [Doc. No. 187] is DENIED.

SIGNED this 23rd day of March, 2020.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] *See e.g. United States v. Davis*, 139 S.Ct. 2319, 2324 n.1 (2019); *United States v. Ross*, 793 Fed.Appx. 334 (5th Cir.2020); *United States v. Hodge,* 948 F.3d 160, 162 (3d Cir.2020); *United States v. Richardson*, 948 F.3d 733, 748 (6th Cir.2020).